David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| VIGILANT INSURANCE COMPANY; | : | ECF CASE |
| Plaintiff, | : | 07 Civ. 3373 (SHS) |
| - against - | : | COMPLAINT |
| BAX GLOBAL INC.; BAX GLOBAL; BAX GLOBAL (AUST) PTY LTD.; | : | |
| Defendants. | : | |

-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants:

1.  Plaintiff Vigilant Insurance Company ("Vigilant") is a New York corporation with its principal place of business in New Jersey and a place of business at 55 Water Street, New York, NY. Vigilant sues herein as subrogated insurer of the cargo in suit, having paid the insurance claim of Pfizer Australia Pty. Limited, and for and on behalf of the shipper, consignee and owner of the cargo, as their interests may now or hereafter appear.

2.  Defendants are believed to be corporations organized under the laws of, and with their principal places of business in, certain of the fifty states or foreign sovereigns.

3. This Court has jurisdiction over the persons of the defendants, who conduct business in the State of New York and the United States as a whole.

**FIRST CAUSE OF ACTION**

4. Plaintiff repeats and realleges the allegations in paragraphs 1 through 3 of this complaint.

5. This Court has federal question subject matter jurisdiction pursuant to 28 USCA 1331. There is also pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim in suit.

6. This cause of action arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934) reprinted in note following 49 U.S.C. Sec. 1502 (the "Warsaw Convention"), and certain amendments thereto.

7. This action involves loss and damage to a shipment of pharmaceuticals, including lipitor 80mg bulk tablets, which moved, or were intended to move, from San Juan, Puerto Rico, to Sydney, Australia, as described more fully in BAX Global air waybill 39072283 dated on or about June 21, 2005, and others. (BAX Claim: 06080590)

8. Said loss and damage was the result of defendants' fault, wanton neglect, and willful misconduct in that defendants, their agents, servants, connecting carriers, subcontractors, terminal operators, truck drivers, warehousemen and employees failed to properly receive, handle, carry, protect and care for the cargo in question and in that defendants had no proper and effective procedures to receive, handle, carry, care for the cargo.

9. By reason of the aforesaid plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $237,930.22 part of which has been paid although duly demanded.

10. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION

11. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 10 of this complaint.

12. Defendants' air waybills were not issued in a timely manner and did not comply with, or contain all the particulars required by, the Warsaw Convention, including Article 8.

13. Therefore, pursuant to the Warsaw Convention, including Article 9, defendants may not avail themselves of the provisions of the Convention which allegedly exclude or limit their liability.

## THIRD CAUSE OF ACTION

14. Plaintiff repeats and realleges the allegations in paragraphs 1,2,3,5,7,8,9 and 10 of this complaint.

15. When the cargo was received into the care, custody and control of defendants, or those entities acting on their behalf, the cargo was in good order and condition. However, defendants failed to make delivery of the entire cargo at the intended destination in the same order and condition. Instead certain items of cargo were determined to have been damaged while in the care, custody and control of defendants.

16. Therefore, defendants, as common carriers, bailees, and/or warehousemen for hire are liable to plaintiff for the claimed loss and damage to the cargo in suit.

WHEREFORE, plaintiff demands judgment against defendants:

(a) for the sum of $237,930.22;

(b) for prejudgment interest at the rate of 9% per annum;

(c) for the costs and disbursements of this action;

    (d)    for such other and further relief as this Court deems proper and just.

Date:  New York, New York
April 26, 2007

LAW OFFICES,
DAVID L. MAZAROLI

*s/David L. Mazaroli*

---

David L. Mazaroli (DM 3929)
Attorney for Plaintiff
11 Park Place - Suite 1214
New York, New York 10007
Tel.: (212)267-8480
Fax.: (212)732-7352
E-mail: dlm@mazarolilaw.com
File No.: 6C-1365