4412-001

DEORCHIS, WIENER & PARTNERS, LLP
Richard L. Furman (RF 0250)
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Attorneys for Defendants
BAX GLOBAL INC.; BAX GLOBAL;
BAX GLOBAL (AUST.) PTY. LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VIGILANT INSURANCE COMPANY,

                    Plaintiff,          Case No.:  07CV 3373 (SHS) (FM)

      -v-

                                   **ANSWER**

BAX GLOBAL INC.; BAX GLOBAL;
BAX GLOBAL (AUST.) PTY. LTD.,

                    Defendants
-----------------------------------------------------------X

      Defendants, BAX GLOBAL INC.; BAX GLOBAL; BAX GLOBAL (AUST.) PTY.

LTD. ("Defendants"), by their attorneys DeOrchis, Wiener & Partners, LLP, answering the

complaint of Plaintiff, alleges upon information and belief as follows:

      1.     Defendants lack sufficient knowledge or information to form a belief as to the

truth of the allegations in paragraphs "1", "8" and "10" of the complaint.

      2.     Defendants admit the allegations set forth in paragraphs "2", "5" and "6" of the

complaint.

      3.     Defendants deny the allegations set forth in paragraphs "8", "12", "13", "15",

and "16" of the complaint.

4.     Defendants admit that this Court has jurisdiction on the person of defendants BAX GLOBAL INC., and BAX GLOBAL, but except as admitted herein, deny the allegations contained in paragraph "3" of the complaint.

5.     Repeat and reallege their allegations in response to paragraphs "4", "11" and "14" of the complaint, as if set forth at length herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6.     The Complaint fails to state a claim against the Defendants upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7.     The shipment described in the Complaint was received, carried and delivered subject to the terms, conditions and exceptions of the Convention for the Unification of certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 ("Warsaw Convention"), as amended, and/or other legislation pertinent to this carriage.  If any delay, loss or damage resulted to the goods, which is denied, it was due to a cause or causes for which Defendant is not liable by virtue of said legislation pertinent to this carriage.

8.     Defendant therefore claims exemption from, and/or the limitation of, liability in accordance with the terms and conditions of the said Warsaw Convention.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9.     Plaintiff failed to give timely or sufficient notice of the alleged loss and damage to Defendant, pursuant to the terms and conditions of Article 26 of the Warsaw Convention.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10.    The shipment described in the Complaint was booked, received, loaded, carried, discharged and delivered subject to the terms, conditions and exceptions of certain air waybills, tariffs, and/or contacts of affreightment issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading agreed to be and are bound.  Any loss, delay or damage to the goods, which is denied, was due to a cause or causes for which Defendant is not liable by virtue of said air waybills, tariffs, and/or contracts of affreightment.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11.    Any loss, delay or damage to the goods as alleged in the Complaint, which is denied, arose or resulted from the condition of the goods when delivered to Defendant and/or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks or by act or omission of the shippers, consignees or owners of the goods, their agents or representatives or other third parties, and not this Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12.    Any loss, delay or damage to the shipment, which is denied, occurred when the goods were out of the care, custody or control of Defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13.    This action should be dismissed for improper venue and under the doctrine of forum non conveniens.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

14.    This action should be dismissed, as Plaintiff failed to give timely written notice in proper written form, of this claim as required by the aforementioned air waybills, tariffs, contracts of affreightment or governing legislation.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15.    If any loss, delay or damage was sustained by the shipment referred to in the Complaint, which is denied, such delay, loss or damage was caused, by or contributed to, by the Plaintiff and/or other third parties and not by Defendant.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

16.    Any liability of Defendant, which is denied, is limited in amount by the terms and provisions of the aforementioned air waybills, tariffs, contracts of affreightment or governing legislation.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

17.    This plaintiff is not the real party in interest or proper Plaintiff to assert this claim, as it is not a party to the contract of carriage.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18.    This court lacks personal jurisdiction over the Defendant, BAX GLOBAL (AUST.) PTY. LTD.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

19.    This action should be dismissed for violating the doctrine of laches, in that Plaintiff excessively delayed in commencing the action, to the detriment of the Defendant.

## AS AND FOR AN FOURTEENTH AFFIRMATIVE DEFENSE

20.    Plaintiff's alleged loss and damage, if any, resulted wholly and solely from the fault, neglect and want of care of the Plaintiff or persons or parties other than Defendant, for whose acts said Defendant is not liable or responsible and not as a result of any negligence, breach of contract, fault or want of care on its part or on the part of its agents, servants and employees.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

21.    Plaintiff has failed to properly and fully mitigate its damages in its complaint.

WHEREFORE, Defendants BAX GLOBAL INC.; BAX GLOBAL; BAX GLOBAL (AUST.) PTY. LTD. request that Plaintiff's Complaint be dismissed, together with the costs and disbursements of this action and reasonable counsel fees; and that the Court grant Defendants such other, further and different relief as it deems just and proper.


Dated:      New York, New York
            July 3, 2007

                                    DEORCHIS & PARTNERS, LLP
                                    Attorneys for Defendants,
                                    BAX GLOBAL, INC.; BAX GLOBAL;
                                    BAX GLOBAL (AUST.) PTY. LTD.


                                    By:
                                    RICHARD L. FURMAN (RF 0250)
                                    61 Broadway, 26th Floor
                                    New York, New York 10006
                                    (212) 344-4700
                                    File No.:  4412-001

To:    David L. Mazaroli, Esq. (DM 3929)
       Attorney for Plaintiff
       11 Park Place, Suite 1214
       New York, NY 10007
       (212) 732-7352

W:\4412-001\legals\answer 070307.rlf.doc-npo